# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARDIP S. UPPAL, | ) 1:10-CV-1277-GSA |
| | ) |
| Plaintiff, | ) ORDER REGARDING PLAINTIFF'S |
| | ) SOCIAL SECURITY COMPLAINT |
| v. | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## BACKGROUND

Plaintiff Pardip Uppal ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability benefits and supplemental security income pursuant to Title II and Title XVI of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Gary S. Austin, United States Magistrate Judge.[1]

//

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.  *See* Docs. 10 & 11.

1

## FACTS AND PRIOR PROCEEDINGS[2]

Plaintiff filed his application on or about February 12, 2007, alleging disability beginning January 13, 1997. AR 102-112.  His application was denied initially on April 24, 2007, and upon reconsideration on August 20, 2007. AR 8, 65, 68-71.  Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  AR 79.  ALJ Howard Treblin held a hearing on May 23, 2008 (AR 33-63), and issued an order denying benefits on March 2, 2009.  AR 8-19.  Plaintiff requested a review of the hearing and the Appeals Council denied review on May 11, 2010.  AR 1-3.

**Hearing Testimony**

ALJ Treblin held a hearing on May 23, 2008. AR 33-63.  Plaintiff testified and was represented by  Mr. Neill, an attorney.[3] AR 35. Plaintiff's wife also testified.   A vocational expert was not present.

*Plaintiff's Testimony*

Plaintiff is forty years old.  He lives in an apartment with his wife and two children, ages nine and seven. AR 42.   He received his GED after completing the eleventh grade.  AR 36, 51.  He has a drivers license but usually his wife drives because he takes psychiatric medications.  AR 36.

Previously, Plaintiff worked at Foster Farms doing shipping and receiving. AR 37, 58-59.  He worked there for twelve years but was fired in 1997 for insubordination. AR 58-59.  After working at Foster Farm, Plaintiff worked as a security guard but was laid off after he refused to provide security at a Foster Farms company party because of his prior employment. AR 37.  Plaintiff last worked as a security guard approximately six years ago. AR 37.

Plaintiff can no longer work because he was assaulted with a tire iron which resulted in significant injuries to his right leg, left forearm, and head. AR 38, 44-45, 47, 58.  He underwent extensive surgeries, had a plate put into his right leg, and was in a wheelchair for approximately

---

[2] References to the Administrative Record will be designated as "AR" followed by the appropriate page number.

[3] The full name of Plaintiff's attorney is not clear from the record.  AR 35.

2

seven months after the incident. AR 46. In addition to these injuries, he has kidney stones, and he suffers from seizures, depression, anxiety, and schizophrenia. AR 38, 53. He has difficulty sleeping at night because he hears evil voices in his head. AR 48. He also has memory difficulties and concentration problems. AR 38-39, 41-42. He sees his psychiatrist about twice a month and takes Seroquel, Depakote, Trazadone, and Buspirone. AR 39, 51. He does not suffer from any side effects from these medications except that the Seroquel makes him sleepy. AR 39, 51.

Plaintiff is able to lift ten to fifteen pounds, walk for three to five minutes, and sit comfortably for fifteen to thirty minutes. AR 38. However, he is unable to lift objects over his head, and he has problems bending, using his left hand, and dressing. AR 40-41. He is unable to do household chores or shopping and can no longer write with his left hand. AR 45-46. During the day, he lays on the sofa, takes naps, eats, and watches television. AR 54-55. In the past, Plaintiff took methamphetamine. He last used the drug in 2000. AR 38.

*Plaintiff's Wife Testimony*

Mrs. Uppal testified briefly regarding her relationship with her husband. She reported that Plaintiff wakes up in the middle of the night and hits her and pulls her hair. He also sometimes does this while he is awake. She keeps track of his appointments for him and he gets angry if he believes she has forgotten them. AR 62-63.

**Medical Record**

The entire medical record was reviewed by the Court, however, the medical evidence will not be summarized in this opinion because it is not relevant to Plaintiff's arguments which relates only to statements made by the ALJ during step four of the evaluation process.[4] AR 169-*702*.

**ALJ's Findings**

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2003. AR 10. He found that Plaintiff had not engaged in substantial gainful activity since January 13, 1997, the alleged onset date. He determined that Plaintiff has

---

[4] Plaintiff does not argue that the ALJ's residual functional capacity ("RFC") or other findings including the credibility determination were flawed.

the severe impairments of left distal ulnar fracture, non-displaced right mid tibial fracture, and status post left wrist surgery. AR 10. Nevertheless, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. AR 11.

Based on his review of the medical evidence, the ALJ determined that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels, and has the ability to lift and carry up to one hundred pounds occasionally, and up to fifty pounds frequently. He can stand, walk, and sit for eight hours in an eight hour day with standing and walking limited to four hours without interruption. He can stoop, kneel, crouch, or crawl, frequently and has very mild limitations in the upper left extremity when pushing or pulling. AR 12. After considering the RFC, the ALJ determined Plaintiff can perform his past work as a production worker which he classified as a shipping and receiving clerk. AR 18. Accordingly, the ALJ found that Plaintiff was not disabled, as defined in the Social Security Act. *Id*.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by

substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he has a physical or mental impairment of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

In an effort to achieve uniformity of decisions, the Commissioner has promulgated regulations which contain, inter alia, a five-step sequential disability evaluation process. 20 C.F.R. §§ 404.1520 (a)-(f), 416.920 (a)-(f). Here, Plaintiff argues that when performing this analysis, the ALJ erred at step four by concluding Plaintiff could perform his past work. In response, Defendant contends the ALJ's findings at step four are supported by substantial evidence and the ALJ's decision should be upheld.

## DISCUSSION

In particular, Plaintiff argues that the ALJ erred because Plaintiff reported that his prior work required constant walking, standing, stooping, kneeling, crouching, and handling objects. However, the ALJ's RFC limited him to frequent stooping, kneeling, crouching, and crawling. Therefore, the ALJ erred by concluding Plaintiff could perform his past work.

At step four, a claimant has the burden of establishing that he can no longer perform his past relevant work. *Pinto v. Massanari*, 249 F. 3d 840 (9th Cir. 2001). Once a claimant has met this standard, the burden at step five shifts to the Secretary to show that, taking into account a claimant's age, education, and vocational background, he can perform any substantial gainful

1  work in the national economy. 20 C.F.R. §§ 404.1520(f) and 416.920(f). *Moore v. Apfel*, 216

2  F.3d 864, 869 (9th Cir.2000).

3      Although the burden of proof lies with the claimant at step four, the ALJ still has a duty

4  to make the requisite factual findings to support his conclusion. SSR 82-62. See 20 C.F.R. §§

5  404.1571 and 416.971. "To determine whether a claimant has the [RFC] to perform his past

6  relevant work, the [ALJ] must ascertain the demands of the claimant's former work and then

7  compare the demands with his present capacity." *Villa v. Heckler*, 797 F.2d 794, 797-98 (9th

8  Cir.1986); *Marcia v. Sullivan*, 900 F.2d 172, 177 n. 6 (9th Cir.1990).  "This is done by looking at

9  the residual functional capacity and the physical and mental demands of the claimant's past

10  work." *Pinto v. Massanari*, 249 F.3d at 845. The claimant must be able to perform his duties as

11  actually performed during his prior employment, or the duties as generally performed by

12  employers throughout the national economy. *Id*.

13      With regard to his findings at step four the ALJ noted the following :

> **The claimant is capable of performing past relevant work as a production worker.  This work does not require the performance of work-related activities precluded by the claimant' residual functional capacity.  (20 CFR 404.1565 and 416.965).**
>
> The record indicates that the claimant worked as a production worker from September 1986 through 1997.  As such, the job of shipping and receiving clerk meets the criteria for past relevant work.  The job required the claimant to drive a forklift or use a pallet jack to load trucks with merchandise (Exhibit 5 E/1).
>
> In comparing the mental and physical demands of the claimant's past relevant work with the claimant's residual capacity, the undersigned finds that the claimant [is] able to perform past relevant work as a shipping and receiving clerk. AR 18.

    Plaintiff argues that the record contains a general statement of Mr. Uppal's work background, indicating past work in a poultry plant as a forklift/pallet operator.  On the form, Plaintiff reported that his previous job required constant walking, standing, climbing, stooping, kneeling, reaching, crouching, and handling big and small objects.  AR 143.  However, Plaintiff notes that according to the ALJ's RFC, he is only able to stoop, kneel, and crouch frequently, which is defined as occurring for only one-third to two-thirds of the workday. Plaintiff contends that he cannot return to his past work because his residual capacity as assessed by the ALJ does

not allow him to meet the physical demands of the past work.  Since the ALJ relied only on Plaintiff's descriptions of past work, Plaintiff argues the ALJ's reasoning is flawed.  The Court disagrees.

There are three possible tests for determining whether or not a claimant retains the capacity to perform his or her past relevant work:

> 1.   Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packaging job," etc.  Finding that a claimant has the capacity to do past relevant work on the basis of a generic occupational classification of the work is likely to be fallacious and unsupportable. While "delivery jobs," or "packaging jobs," etc., may have a common characteristic, they often involve quire different functional demands and duties requiring varying abilities and job knowledge.
>
> 2.   Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it. Under this test, where the evidence shows that a claimant retains the RFC to perform the functional demands and job duties of a particular past relevant job as he or she actually performed it, the claimant should be found to be "not disabled;" and
>
> 3.   Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy. The Dictionary of Occupational Titles (DOT) descriptions can be relied upon -- for jobs that are listed in the DOT -- to define the job as it is usually performed in the national economy.) It is understood that some individual jobs may require somewhat more or less exertion than the DOT description.
>
> A former job performed by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be "not disabled."
> SSR 82-61.

Thus, in addition to relying on the Plaintiff's own reports of the demands of the job, the ALJ can also rely on Plaintiff's past functional demands as ordinarily performed in the national economy.  In this case, the ALJ found that Plaintiff's past work as a production worker meets the criteria of a shipping and receiving clerk.  Although the ALJ did not site the DOT number for the shipping and receiving clerk job description, the DOT is a valid source outlining job duties and demands as they are generally performed in the national economy.  *Pinto v. Massanari*, 249 F.3d at 845.  According to the DOT, a shipping and receiving clerk includes duties such as unpacking

and examining incoming shipments, routing items to departments, and operating a tier-lift truck or using a hand truck to move, convey or hoist shipments from shipping and receiving which all supports the ALJ's classification and is consistent with Plaintiff's reported duties.  DICOT 222.387-050, 1991 WL 672103.  Moreover, this position is classified as medium work, and stooping, kneeling, and crouching are not required for this job. *Id*.  Therefore, the ALJ's RFC that limited  Plaintiff to work at all exertional levels with only frequent stooping, kneeling, crouching or crawling is consistent with this DOT classification.

      Plaintiff has argued that any post hoc articulations of the ALJ's reasoning would be improper.  However, in this instance, while the ALJ's omission of the actual DOT number is an error, the error is harmless as the ALJ can consider past work as it is generally performed in the national economy which is what he did in this instance. *See*, *Pinto v. Massanari*, 249 F.3d at 845.  Here, the ALJ formulated Plaintiff's RFC and clearly articulated the demands of the claimant's former work and compared those demands with his present abilities and RFC.  Therefore, the ALJ's finding of not disabled is supported by substantial evidence and the record as a whole is based on the proper legal standards..

## **CONCLUSION**

     Based on the foregoing, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The clerk of this Court is DIRECTED to enter judgment in favor of Defendant Michael J. Astrue, Commissioner of Social Security and against Plaintiff, Pardip Uppal.

     IT IS SO ORDERED.

Dated:   **September 26, 2011**             /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE